UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RODERICK M. OWENS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 3:20-CV-134 |
| | ) | 3:06-CR-121 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Before the Court is Roderick M. Owens' ("Petitioner's") *pro se* motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 69].[1] The United States has responded in opposition [Doc. 6], and Petitioner has replied [Doc. 7]. For the reasons below, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 69] will be **DENIED**.

## I. BACKGROUND

In September 2006, Petitioner was charged in a one-count indictment for knowingly possessing, in and affecting commerce, a firearm, namely a 20 gauge Winchester shotgun, having been previously convicted in courts of crimes punishable by imprisonment for a term exceeding on year. [Crim. Doc. 1].

[1] Document numbers not otherwise specified refer to the civil docket.

On October 29, 2007, Petitioner pled guilty to the indictment [Crim. Doc. 59]. While there were no official findings of fact filed with the Court, nor was there are an official plea agreement filed, the Presentence Investigation Report ("PSR") which was obtained by the Court through the Probation Office, attached as Exhibit A to this memorandum, includes a section titled "The Offense Conduct." This section states, "The following facts were stipulated to by all parties at the time of the change of plea, however, no formal factual basis was filed with the Court." [Ex. A, p. 3]. The Court adopts the facts as set forth in this section.

On or about August 21, 2006, investigators of the Knoxville Police Department, Knoxville, Tennessee, were assigned to investigate a burglary and murder at the residence of 2738 Wilson Avenue, Knoxville, Tennessee. During the investigation, officers determined that a Winchester .20 gauge shotgun was stolen from the residence. The shotgun was recovered from a pawn shop known as Knox Jewelry and Loan, located at 2634 North Broadway, Knoxville, Tennessee. On September 7, 2006, after being advised of his *Miranda* rights and signing a written waiver of rights form, the defendant was interviewed by investigators. At that time, the defendant admitted that he had purchased the Winchester .20 gauge shotgun on or about August 26, 2006, from an unknown black male in the Linden Park area in Knoxville, Tennessee, for $50. The defendant admitted he purchased the firearm in order to sell it for a profit. He then stated that on August 29, 2006, he and his girlfriend took the Winchester .20 gauge shotgun to the aforementioned pawn shop, and pawned the weapon for $100. The defendant had asked his girlfriend to pawn the shotgun because he did not have an identification card.

At the time the defendant knowingly possessed the shotgun, he had been convicted of crimes punishable by a term of imprisonment exceeding one year, that is, in the Shelby County Criminal Court for aggravated assault, two counts of aggravated robbery, robbery, three counts of criminal attempted murder in first degree, and theft of property. Research conducted by the Bureau of Alcohol, Tobacco, Firearms and Explosives revealed that the shotgun was manufactured outside the State of Tennessee, and therefore affected interstate commerce. The shotgun was test-fired and found to function as it was designed.

The Court conducted a change of plea hearing on October 29, 2007 wherein Defendant moved to change his plea and pled guilty without a formal plea agreement. [Crim. Doc. 59]. Although there is no transcript of that hearing in the record, the Court recalls conducting its standard colloquy with Petitioner and finding him competent to enter a guilty plea.[2] The Court confirmed that Petitioner indeed wished to plead guilty. The Court also confirmed: that Petitioner had been afforded ample time to discuss the case with his attorney; that he believed that his attorney was fully aware of all the facts on which the charges were based; and that Petitioner understood that his sentence would be determined *by the Court*.

The PSR calculated a total offense level of 30 and criminal history category of VI, resulting in a guideline range of 168 to 210 months. [Ex. A, p. 19]. However, the statutorily required minimum sentence of fifteen years was greater than the maximum of the

---

[2] Where, as here, the same judge considering the § 2255 motion also presided over the underlying proceedings, the judge may rely on his recollections of those proceedings. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013).

applicable guideline range; therefore, the guideline term of imprisonment was 180 to 210 months. [*Id*.]. Petitioner, through counsel, filed a notice of no objections to the PSR. [Crim. Doc. 61].

On March 25, 2008, the Court sentenced Petitioner to a total of 192 months' imprisonment. [Crim. Doc. 64]. Petitioner did not file a direct appeal, but on March 30, 2020, filed this § 2255 motion.

## II. STANDARD OF REVIEW

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that

applies in habeas cases alleging constitutional error). In order to obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

## III. ANALYSIS

As an initial matter, Petitioner raises two claims in this § 2255 motion: 1) that he is actually innocent since he did not "knowingly" possess a firearm and the firearm was not "in or affecting commerce" as he did not have physical control or dominance over the firearm, and 2) that he received ineffective assistance of counsel since he did not receive "real notice of the true nature of the charge against him." [Doc. 1].

**A. Claim 1 – Actual Innocence**

Petitioner's first claim centers around Petitioner's argument that he is actually innocent of "knowingly" possessing a firearm "in or affecting commerce." Petitioner argues that he was convicted for an act that the law does not make criminal, specifically citing *Rehaif v. United States*, 139 S.Ct. 2191 (2019). [Doc. 1]. Petitioner claims that he did not know he belonged to a class of persons barred from possessing a firearm, nor was there a firearm found at his house where he was arrested. Rather, the firearm was located at a pawn shop in his girlfriend's name. [Doc. 1].

The Court first notes that this claim is procedurally defaulted, because Petitioner failed to raise it on appeal. Except for a claim of ineffective assistance of counsel, a federal prisoner's failure to raise a claim on direct appeal results in a procedural default of that claim. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). For a federal prisoner to obtain review of a defaulted claim in a § 2255 motion, he must show cause to excuse his failure to raise the claim previously and actual prejudice resulting from the alleged violation. *Bousley*, 523 U.S. at 622; *Peveler*, 269 F.3d at 698-700. If a Petitioner cannot show cause and prejudice, he may be able to obtain review, if his case falls within a narrow class of cases permitting review in order to



Case 3:06-cr-00121-RLJ-CCS Document 70 Filed 10/15/20 Page 6 of 13 PageID #: 193

prevent a fundamental miscarriage of justice, such as when new evidence shows that a constitutional violation has probably resulted in a conviction of one who is actually innocent. *Bousley*, 523 U.S. at 622-23, citing *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). Here, Petitioner has not attempted to show cause or prejudice for his failure to raise this claim on direct appeal, but has he attempted to show that he is actually innocent.

Petitioner moves to vacate his conviction under § 2255, alleging he is actually innocent of violating 18 U.S.C. § 922(g)(1) because he contends that after *Rehaif*, he did not have the requisite knowledge to support his conviction or guilty plea. In *Rehaif*, the Supreme Court held that in a prosecution under 18 U.S.C. § 922(g), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. *Rehaif*, 139 S. Ct. at 2200 (2019).

*Rehaif* does not undermine Petitioner's conviction for several reasons. First, Defendant entered into a plea agreement, relieving the Government of its obligation to prove the elements of the charge against him beyond a reasonable doubt. "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Boce*, 488 U.S. 563, 569 (1989). Petitioner also stipulated to his prior felony convictions in the offense conduct section of the PSR which were stipulated to by all parties at the change of plea hearing. [Exhibit A, p. 3]; *see United States v. Conley*, 802 F. App'x. 919, 923, (6th Cir. Feb. 5, 2020) ("Although the stipulation of a prior felony does not automatically establish knowledge of felony status, it is strongly suggestive of it."); *Malone v. United*

*States*, 1:14-cr-438, 2019 WL 7049805, *3 (N.D. Ohio Dec. 23, 2019) ("*Rehaif* is inapplicable to Petitioner because whereas Rehaif was convicted by a jury, Petitioner pleaded guilty to his offense."). Petitioner was advised of the consequences of his guilty plea by the Court and counsel and stated under oath that he understood his decision. The record reflects his guilty plea was knowing and voluntary. Having waived his right to hold the Government to its burden of proof, he cannot complain the evidence against him would have been insufficient.

*Rehaif* further provides no remedy for Petitioner because it merely "clarified" the felon-in-possession statute, it did not announce a new rule of constitutional law that is retroactive on collateral review. *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020). In *Khamisi-El*, the Sixth Circuit denied the motion, holding "[t]he rule stated in *Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law.' " *Id.*; *In re Palacios*, 931 F.3d 1314 (11th Cir. 2019) ("*Rehaif* ... did not announce a 'new rule of constitutional law....'"). District courts within the Sixth Circuit have likewise rejected "actual innocence" claims based on *Rehaif*. *See Moore v. United States*, No. 2:19-cv-2572, 2019 WL 4394755 (W.D. Tenn. Sept. 12, 2019) ("*Rehaif* did not announce a new rule of constitutional law made retroactive to cases on collateral review."); *Wallace v. United States*, No. 3:19-cv-01122, 2020 WL 2194002 (M.D. Tenn. May 6, 2020) (same); *see also Abernathy v. United States*, No. 1:16-CR-81, 2019 WL 5268546, at *5 (E.D. Tenn. Oct. 17, 2019) ("The Supreme Court's holding, however, is not retroactively applicable to cases on collateral review and, therefore has no bearing on the Court's consideration of Petitioner's motion."); *Davidson v. United States*, No. 1:17-CR-137, 2020

WL 5549599, at *2–3 (E.D. Tenn. Sept. 16, 2020); *see also Tristian O'Kelley, v. United States*, No. 1:17-CR-16, 2020 WL 5735949, at *3 (E.D. Tenn. Sept. 24, 2020).

Finally, Petitioner does not claim he was unaware of his multiple prior felony convictions, rather, he only states that he did not know he belonged to the category of people barred from possessing a firearm. [Doc. 1]. Even if true, Petitioner's knowledge of the ramifications of his felony convictions are irrelevant to his subsequent guilty plea and § 922(g) conviction. The law simply does not require that Petitioner knew his possession of a firearm was unlawful. *See United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019) ("*Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code."); *Matthews v. United States*, No. 19-2091, 2020 WL 2614619 (6th Cir. Jan. 6, 2020) (government is not required to prove defendant knew he was prohibited from possessing firearms to obtain § 922(g) conviction after *Rehaif*). !

Accordingly, Petitioner's claim is procedurally defaulted and will be **DENIED** as he is not entitled to relief under § 2255 as to this claim.

**B. Claim 2 – Ineffective Assistance of Counsel**

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. A criminal defendant's Sixth Amendment right to counsel necessarily implies the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the *Strickland* standard for proving ineffective assistance of

counsel, a movant must show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Id*.

To prove deficient performance, the movant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. The appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Id*. at 688. A movant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). It is strongly presumed that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 690.

The prejudice prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Id*. at 687. The movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.]" *Id*. at 703. Counsel is constitutionally ineffective only if a performance below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

The Court fist notes that it had difficulty determining the grounds for Petitioner's Claim 2. Petitioner focuses on the argument that he was convicted under a "judge-made

law" and therefore, did not receive notice of the offense. [Docs. 1 & 7]. He seems to blame both the Court and his counsel for not adequately informing him of the nature of the offense. [*Id.*]. Petitioner's argument for ineffective assistance of counsel primarily seems to be that Petitioner "was deceived by counsel to plead guilty to a crime he did not commit." [Doc. 7, p. 3]. Petitioner claims that he was not properly informed of the elements of his offense claims and that he would have proceeded to trial if counsel had not been deficient. [*Id.*].[3]

This claim lacks specific factual support for the allegation as it fails to establish how counsel deceived Petitioner into accepting a plea. As a result, the Court can reject this contention as insufficient to sustain the motion. *See Ushery v. United States*, No. 20-5292, 2020 U.S. App. LEXIS 21840, at *3–4 (6th Cir. July 14, 2020).

Further, even if Petitioner had provided specific allegations of his counsel's conduct toward the plea hearing, the motion would still be denied. When evaluating a guilty plea under *Strickland*, the convicted defendant must demonstrate a reasonable probability that he only pled guilty due to the counsel's errors. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In making this determination, representations made by the defendant, his counsel, and the prosecutor during the plea hearings "carry a strong presumption of verity" that weigh against claims of ineffective counsel. *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977).

Here, Petitioner did not enter into a written plea agreement, but the parties stipulated to facts at the change of plea hearing. Those facts were included in the PSR and provided

[3] The United States was unable to fully respond to this claim as Petitioner did not set forth a basis for this claim until his reply brief. [*See* Docs. 1 & 7].

evidence to support the assertion that Petitioner knowingly possessed the firearm after having previously been convicted of multiple felonies. [Exhibit A, pp. 3-4]. At the plea hearing, the Court advised Petitioner of the nature of the plea agreement and the possible consequences of the plea agreement. [Doc. 59]. Petitioner indicated that he still wished to plead guilty to the offense. [*Id*.]. Even if the Court had not explained the nature of the offense to Petitioner, he has not demonstrated that enumerating the *Rehaif* elements at the hearing influenced his guilty plea. *See United States v. Watson*, no. 19-3658, at 6 (6th Cir. July 17, 2020) (citing *Hobbs*, 953 F.3d at 857–58) (noting that a defendant who pleads guilty must demonstrate prejudice from the failure of a district court to explain the knowledge-of-status element).

To the extent that Petitioner claims his counsel was ineffective for failing to raise a *Rehaif* argument, the *Rehaif* decision occurred after Petitioner's final judgment. Counsel is not ineffective for failing to predict a future change in the law. *United States v. Burgess*, 142 F. App'x 232, 241 (6th Cir. 2005); *see also Nichols v. United States*, 563 F.3d 240, 253 (6th Cir. 2009) (holding counsel not deficient for failing to foresee change in law). Counsel's actions are "evaluat[ed]" from "counsel's perspective at the time." *United States v. Peake*, No. 5:15-CR-52-JMH-CJS, 2019 WL 4308769, at *2 (E.D. Ky. Aug. 20, 2019), report and recommendation adopted, No. 5:15-CR-052-JMH-CJS, 2019 WL 4307863 (E.D. Ky. Sept. 11, 2019). Thus, this claim of deficient performance is unfounded for that reason alone.

Accordingly, Petitioner's claim will be **DENIED** as Petitioner has not shown that his counsel was ineffective.

## IV. CONCLUSION

For the reasons above, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 69] will be **DENIED** and **DISMISSED**.

## V. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined Petitioner's claim under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge



Case 3:06-cr-00121-RLJ-CCS Document 70 Filed 10/15/20 Page 13 of 13 PageID #: 200